**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JALIL ALI, o/b/o RAY L. ALEXANDER,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | No. 4:20-cv-01703-NAB |
| ) | |
| JOANN SHELTON, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Jalil Ali for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 4). Plaintiff purports to bring the motion, and this civil action, on behalf of one Ray L. Alexander. For the reasons discussed below, the motion will be denied, and this case dismissed without prejudice to refiling by an attorney licensed to practice in this United States District Court.

**The Complaint**

Plaintiff is a self-represented litigant who initiated this civil action on November 30, 2020 by filing a complaint on behalf of an individual identified as Ray L. Alexander.[1] The complaint names two defendants: Joann Shelton, doing business as the Family Support Division; and Child Support Enforcement. (Docket No. 1 at 1). Plaintiff asserts that the Court has federal question jurisdiction.

---

[1] This action is one of three recent cases initiated by plaintiff in this Court on Alexander's behalf. First, on November 3, 2020, plaintiff filed *Ali v. Herby*, No. 4:20-cv-1572-DDN (E.D. Mo.). It was dismissed without prejudice to being refiled by a licensed attorney on February 17, 2021. Next, plaintiff filed the instant action on November 30, 2020. Finally, on January 12, 2021, plaintiff filed *Ali v. Peacock, et al.*, No. 4:21-cv-52-CDP (E.D. Mo.). It was dismissed without prejudice to being refiled by a licensed attorney on February 18, 2021. Before these cases were brought by plaintiff, a similar state court action was removed to this Court and docketed as *Ali v. Lehure*, No. 4:20-cv-1345-JCH (E.D. Mo. Sept. 25, 2020). Defendant filed a motion for judgment on the pleadings, which was granted on November 12, 2020.

1

The complaint is typewritten but not on a Court-provided form. In the "Statement of Claim," plaintiff asserts that he "initiated administrative process to challenge the validity" of Child Support Enforcement's claim of debt. However, plaintiff states that he has not received any proof of claim from Child Support Enforcement, or any response to his "lawful requests." As such, plaintiff concludes that he has "endured a clear violation of due process."

Attached to the complaint are a number of exhibits, which the Court has reviewed. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). The exhibits consist of an affidavit signed by plaintiff; a notice and demand signed by plaintiff on June 16, 2020; a second notice of injury signed by plaintiff on June 16, 2020; a third notice of injury signed by plaintiff on July 13, 2020; a fourth notice of injury signed by plaintiff on July 30, 2020; a notice of non-response signed by plaintiff on August 14, 2020; a notice for unlawful denial and garnishment signed by plaintiff on June 16, 2020; a second notice for unlawful garnishment signed by plaintiff on August 14, 2020; and a notice for violation of due process and reimbursement signed by plaintiff on September 21, 2020. Plaintiff has also attached postal receipts showing that the various notices were sent to defendants.

Based on the exhibits, it is clear that plaintiff is not complaining about his own allegedly wrongful debt. Rather, he is asserting that an error has been made by state agencies asserting that Ray L. Alexander is responsible for the debt.

Plaintiff has signed the complaint, the motion for leave to proceed in forma pauperis, and the attached exhibits. Alexander's signature does not appear. It is unclear what relationship plaintiff has to Alexander. There is a reference to Alexander's "estate," but plaintiff does not assert that he is the authorized person to bring a claim on behalf of such estate. Furthermore, there is no indication that plaintiff is an attorney licensed to practice in this Court.

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action alleging that defendants have somehow wrongfully assessed a debt against an individual named Ray L. Alexander.[2] With regard to plaintiff's attempt to bring this case on Alexander's behalf, the Court notes that a non-attorney pro se litigant may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause…A person must be litigating an interest personal to him"); and *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Furthermore, as noted above, plaintiff has not clearly demonstrated his relationship to Ray L. Alexander, or shown that he is authorized to bring a claim on Alexander's behalf. In particular, plaintiff has not asserted that Alexander is incompetent, and that he is appearing as next friend. If Alexander is deceased, plaintiff has also not shown that he is an authorized representative of Alexander's estate. Finally, there is no indication that plaintiff is an attorney licensed to practice before this Court. For these reasons, it is apparent that this action is not properly before the Court.

---

[2] It is clear that plaintiff is attempting to assert a claim for Alexander. However, to the extent that plaintiff might be understood as bringing a claim on his own behalf, he has failed to establish his standing under Article III of the United States Constitution. Standing is a jurisdictional requirement that can be raised by the court sua sponte at any time during litigation. *Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004). In general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Here, plaintiff's allegations, such as they are, indicate that his claim to relief rests upon Alexander's legal rights or interests. That is, plaintiff is asserting that Alexander was assessed debts for which he was not responsible. This is insufficient to demonstrate that plaintiff's own legal rights and interests are at issue. As such, if plaintiff was attempting to bring the claim on his own behalf, it would be subject to dismissal for lack of subject matter jurisdiction. *See Young America Corp. v. Affiliated Computer Services (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005).

Therefore, the Court will dismiss this case without prejudice to being refiled by an attorney licensed to practice before the United States District Court for the Eastern District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to being refiled by an attorney licensed to practice before the United States District Court for the Eastern District of Missouri. A separate order of dismissal will be entered herewith.

Dated this 1st of April, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE